UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Contreras & Metelska, P.A.,<br><br>  Plaintiff,<br><br>v.<br><br>Executive Office for Immigration Review and U.S. Department of Justice,<br><br>  Defendants. | Case No. 19-cv-0915 (MJD/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

Plaintiff Contreras & Metelska, P.A. filed suit against the Executive Office for Immigration Review ("EOIR") and the U.S. Department of Justice ("DOJ") (collectively, "Defendants"), alleging violations of the Freedom of Information Act ("FOIA"). The Defendants have moved to dismiss the matter under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The motion has been referred to this Court for a report and recommendation under 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the following reasons, this Court recommends that the Defendants' motion to dismiss be granted in part and denied in part.

**I.     Background**

  **A.     EOIR's Procedures for Processing FOIA Requests**

The EOIR is an office or "component" within the DOJ, so FOIA requests for EOIR records are governed by the DOJ's regulations. *See* 8 C.F.R § 1003.0; 28 C.F.R. § 16. In order to obtain access to EOIR's records, a requester must make its request

1

directly to the EOIR's FOIA office.  28 C.F.R. § 16.3(a)(1).

As a DOJ component, EOIR may charge fees for processing FOIA requests.  28 C.F.R. § 16.10(a).  Generally, "educational institutions, noncommercial scientific institutions, and representatives of the news media are not charged any fees," but "commercial use" requesters and individual requesters may be.  (Schaaf Decl. ¶ 9 [Doc. No. 8].)  Requesters can qualify for a waiver or reduction of fees, and the denial of a fee waiver can be appealed.  28 C.F.R. § 16.10(k); 28 C.F.R. § 16.8(a).  If a requester does not file a fee waiver, their request constitutes an agreement to pay a fee of up to $25.00.  (Schaaf Decl. Ex. B [Doc. No. 8-2].)  If EOIR determines that the fees are estimated to be more than $25.00, the FOIA request is paused until the requester commits to pay the fee, or some portion thereof.  28 C.F.R. § 16.10(e)(2).

An agency has "20 days (excepting Saturdays, Sundays, and legal public holidays)" after receiving the request to determine how to respond and to notify the requester.  5 U.S.C. § 552(a)(6)(A).  In circumstances where the request involves "the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request," the agency is permitted to take an additional amount of time—up to "ten working days"—to complete the request.  § 552(a)(6)(B).

**B.   Exhaustion of Administrative Remedies**

A FOIA requester has the right to sue for the release of records, but she must exhaust her administrative remedies, including any administrative appeals, before

bringing suit.[1]  *Brumley v. U.S. Dep't. of Labor*, 767 F.2d 444, 445 (8th Cir. 1985).  That is because "Congress intended that the administrative route be pursued to its end.  It did not mean for the court to take over the agency's decisionmaking role in midstream or to interrupt the agency's appeal process when the agency has already invested time, resources, and expertise into the effort of responding."  *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 64 (D.C. Cir. 1990).

Generally, failure to exhaust FOIA's administrative remedies is a bar to suit.  However, administrative remedies are deemed to be exhausted if the agency fails to respond to the FOIA request within the statutory timeline.  5 U.S.C. § 552(a)(6)(C)(i) ("Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.").  This is known as the "constructive exhaustion" provision.

C.     **Plaintiff's First FOIA Request**

On January 21, 2019, Plaintiff filed a FOIA request with EOIR seeking records related to the agency's policies, case management, statistical records, and information

---

[1] FOIA does not explicitly require exhaustion of administrative remedies, but the exhaustion requirement can be inferred from 5 U.S.C. § 552(a)(6)(C), which provides, in part, that "[a]ny person making a request to an agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph."  This reference to administrative remedies "strongly implies that FOIA imposes an exhaustion requirement."  *Ren Song Yang v. I.R.S.*, No. 06-cv-1547 (ADM/AJB), 2006 WL 2927548, at *2 (D. Minn. Oct. 12, 2006).

about the existence of deportation quotas.  (Schaaf Decl. ¶ 20.)  On February 13, 2019, EOIR sent a letter to Plaintiff acknowledging the request and identifying it as a request involving "unusual circumstances" that would result in increased processing time. (*Id.* ¶ 21.)  February 13, 2019, was 23 calendar days and 17 business days after January 21, 2019.  In the letter, EOIR extended its time period to respond by 10 more days, as permitted by 5 U.S.C. § 552(a)(6)(B).  (*See* Schaaf Decl. Ex. B.)

On February 28, 2019, an EOIR representative notified Plaintiff that the request had been deemed a "commercial use" request whose fees were expected to exceed $25.00 and to inform Plaintiff that the request would be put on hold until a fee agreement was reached.  (*Id.* ¶ 24.)  February 28, 2019, was 38 calendar days and 28 business days after January 21, 2019.  Plaintiff contested that determination and contended that its request was on behalf of a representative of the news media—a noncommercial requester.  (Schaaf Decl. Ex. D [Doc. No. 8-4 at 2].)  EOIR responded on March 1, 2019, to inform Plaintiff that it did not meet the definition of a representative of the news media, but would consider its comments to be a request for a waiver or reduction of fees.  (*Id.*)  That request was subsequently denied on April 18, 2019.  (Schaaf Decl. ¶ 27.)

### D.   Petitioner's Second FOIA Request

Petitioner filed a second request to EOIR's FOIA unit on March 4, 2019, seeking records about EOIR's procedures for processing FOIA requests.  (Schaaf Decl. Ex. F [Doc. No. 8-6 at 2].)  On March 14, 2019, EOIR sent Plaintiff a letter purporting to acknowledge and respond to the second request.  (*Id.* ¶ 29.)  The letter was a generic one, however, notifying Plaintiff that no records were located that were responsive to its

4

request. (Schaaf Decl. Ex. G [Doc. No. 9].) Confusingly, the letter template was apparently meant for a records request pertaining to an individual's file, so the opening sentence reads, "This is a response to your [FOIA] request in which you seek documents regarding *the above referenced individual*." (*Id.*) The request had been linked with a random individual alien's file and A-Number, and thus had been processed as a request for that individual's files—a fact neither party realized at the time. (Schaaf Decl. ¶ 30; Pl.'s Mem. Opp'n Defs.' Mot. Dismiss at 18 [Doc. No. 18].) When none of the records Plaintiff sought were found in that individual's file, EOIR notified Plaintiff that no records had been found. (*Id.*)

Plaintiff's attorney mistakenly believed EOIR's response pertained to a different client's FOIA request, so it concluded that EOIR had failed to respond. (*See* Pl.'s Mem. Opp'n Defs.' Mot. Dismiss at 18.) On April 2, 2019, Plaintiff filed suit to compel EOIR and DOJ to release the records from both FOIA requests. Plaintiff did not learn that the March 14, 2019 letter was a response to its March 4, 2019 request until Defendants filed this Motion to Dismiss with attached exhibits. (*Id.* at 19.)

**II.   Analysis**

  **A.   Standard of Review**

Defendants argue that Plaintiff has failed to exhaust its administrative remedies, and they move to dismiss under both Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction, and 12(b)(6), for failure to state a claim. Courts differ on whether administrative exhaustion is a jurisdictional question or a judicially-imposed "prudential" one. *See Hull v. IRS, U.S. Dep't of Treasury*, 656 F.3d 1174, 1183 (10th Cir. 2011)

5

(finding the question is a prudential one, not jurisdictional); *Reisman v. Bullard*, 14 F. App'x 377, 379 (6th Cir. 2001) (finding that failure to administratively exhaust deprives the district court of jurisdiction).

The Eighth Circuit has not specifically stated whether administrative exhaustion is a threshold jurisdictional requirement or merely a "prudential" consideration. But the Eighth Circuit has described administrative exhaustion as "a prerequisite to suit under FOIA." *Brumley*, 767 F.2d at 445. It has also affirmed a district court that dismissed a case under Rule 12(b)(1) for failing to exhaust administrative remedies. *Holmes v. Chao*, 90 F. App'x 188, 189 (8th Cir. 2004). Both data points suggest that the Eighth Circuit considers it a jurisdictional matter, but both are only dicta. This Court will accordingly analyze this motion under both Rule 12(b)(1) and 12(b)(6). *See Meyer v. Comm'r of IRS*, No. 10-cv-767 (JNE/JJK), 2010 WL 4157173 (D. Minn. Sept. 27, 2010).

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a complaint for lack of subject matter jurisdiction. A party contesting subject matter jurisdiction may mount either a facial challenge or a factual challenge to a court's jurisdiction. *See Osborn v. United States*, 918 F.2d 724, 729–30 & n.6 (8th Cir. 1990). On a facial attack, the court limits its consideration to the allegations of the complaint. *Id.* at 729 & n.6. On a factual attack, the court may consider matters outside the pleadings without converting the motion to one for summary judgment. *Id.*

On a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court "must take the well-pleaded allegations of the complaint as true, and construe the complaint, and all reasonable inferences arising therefrom, most favorably to

6

the pleader." *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

Generally, on a Rule 12(b)(6) motion, a court may not consider matters outside the pleadings in assessing the sufficiency of a complaint.  *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted).  A court may make exceptions to this rule for matters of public record, materials "necessarily embraced by" the complaint, and exhibits submitted with the complaint.  *Id.* (citations omitted).

### B.  Count I: Plaintiff's First FOIA Request

#### 1.  Fee Requirement

Defendants argue first that their motion to dismiss Plaintiff's Count I (arising out of its first FOIA request) can be resolved on a technicality: Plaintiff never paid the fee for its first FOIA request.  An agency's obligation to respond to a request for records only kicks in once there has been a request "made in accordance with published rules stating the time, place, *fees* (if any), and procedures to be followed."  5 U.S.C. § 552(a)(3)(A) (emphasis added).  Here, Plaintiff's request was subject to a fee of an unknown amount, but likely more than $25.00.  (Schaaf Decl. ¶ 24.)   Defendants argue that "Plaintiff has not complied with EOIR's regulations regarding fees," so the 20-day clock had not yet started running.  (Defs.' Mem. Supp. Mot. Dismiss at 14 [Doc. No. 7].)

7

For support of their position, Defendants point to a footnote in a case from the D.C. Circuit, *Citizens for Responsibility & Ethics in Wash. v. FEC*, (hereafter "*CREW*"), which considered what types of agency responses amount to "determinations" under 5 U.S.C. § 552(a)(6)(A)(i). The footnote reads:

> Of course, the duties that FOIA imposes on agencies—including the requirement that an agency make a "determination" within 20 working days, or 30 working days in "unusual circumstances"—apply only once an agency has received a proper FOIA request. A proper request must "reasonably describe[]" the records sought and must comply with the agency's published procedures, including the agency's *schedule of fees*. . . .

*CREW*, 711 F.3d at 185 n.3 (emphasis added). Defendants read this footnote to say that because Plaintiff has not yet paid the requester fee, EOIR has not yet received "a proper FOIA request," let alone run out of time to complete it.

Defendants read too much into the footnote. There is nothing in the *CREW* court's opinion that suggests that in order for a requester to "comply with . . . the agency's schedule of fees," and thereby initiate her FOIA request, she must *pre-pay* the fee. There is also no evidence in the record that Plaintiff would have been unwilling to pay the fee amount once it was finalized—that is, comply with the fee schedule. Indeed, 28 C.F.R. § 16.10 specifically states that, generally speaking, "a component shall not require the requester to make an advance payment before work is commenced or continued on a request." § 16.10(i)(1). The Court is unaware of any precedent in this District that would require it to hold that Plaintiff's failure to pay the fee—whose amount had not yet been finalized—is fatal to its claim, and it declines to do so now. The Court therefore turns to whether EOIR failed to meet the statutory deadlines, such that Plaintiff should be

8

considered to have exhausted its administrative remedies.

## 2. Calculation of FOIA's Time Limits

Plaintiff does not contend that it exhausted all of its available administrative remedies. Instead, Plaintiff argues that EOIR failed to meet its statutory deadlines, so Plaintiff should be considered to have constructively exhausted its administrative remedies. Plaintiff filed its first FOIA request on January 21, 2019 and received a response from EOIR identifying it as a request involving "unusual circumstances" on February 13, 2019. There were 23 calendar days and 17 business days between January 21 and February 13.

Plaintiff argues that EOIR was late in responding to its January 21 request because, it contends, 5 U.S.C. § 552(a)(6)(A)(i) and (B)(i) give the government only 20 *calendar* days to make its initial determination. Defendants, on the other hand, read the statute to permit EOIR 20 *business* days, so they maintain that their response on February 13, 2019, was timely. If Plaintiff is correct about how to count the permitted days, then it is also correct that it should be considered to have constructively exhausted all administrative remedies and this suit is proper; if Defendants' reading is correct, then this suit is premature and Plaintiff is obligated to administratively appeal EOIR's determination.

Section 552(a)(6)(A)(i) requires the agency, upon receiving a request for records, to "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request. . . ." Section 552(a)(6)(B)(i) dovetails with this language by permitting the agency, in the case of

9

"unusual circumstances," to extend the "time limits prescribed in [Section 552(a)(6)(A)(i)]." The extension is capped at an additional "ten working days." *Id.*

Plaintiff seems to read § 552(a)(6)(A)(i)'s parenthetical—"(excepting Saturdays, Sundays, and legal public holidays)"—to be an exception that only applies if the last day of the period falls on a Saturday, Sunday, or holiday. That is, that if the 20th day is a Saturday, Sunday, or holiday, then the government could respond by the following Monday. Otherwise, Plaintiff argues, all other Saturdays, Sundays, and holidays are "intermediate" and count towards the 20-day total.

Plaintiff supports this reading with reference to the language and legislative history of Rule 6 of the Federal Rules of Civil Procedure. Rule 6 is clear that "[w]hen a period is stated in days or a longer unit of time," as it is here, the proper way to calculate the time period is to "count every day, including intermediate Saturdays, Sundays, and legal holidays; and include the last day of the period." Fed. R. Civ. P. 6(a)(1). Rule 6 is also clear, however, that it only applies to a statute "that does not specify a method of computing time." *Id.* 6(a). Defendants oppose "importing" Rule 6 to interpret § 552(a)(6)(A)(i) because, they argue, the statute writers *did* specify a method of computing time when they included the clause exempting Saturdays, Sundays, and legal public holidays.

Defendants' reading is supported by virtually every court to have interpreted the meaning of § 552(a)(6)(A)(i). *See e.g.*, *CREW v. FEC,* 711 F.3d 180, 185 (D.C. Cir. 2013); *Coleman v. DEA*, 714 F.3d 816, 823 (4th Cir. 2013); *Hardy v. Daniels*, No. CV05-

10

955-MO, 2006 WL 176531 at *2 (D. Or. Jan. 23, 2006).  Indeed, Plaintiff could not identify any cases to support its reading of the FOIA time calculation.

The Court concludes that Defendants' reading of the statutory language is the only sensible one.  Even if the Court were otherwise inclined to apply the construct of Rule 6 to the FOIA statute—i.e., that a Saturday, Sunday, or holiday is excepted only if it is the last day of the period—Plaintiff cannot reconcile that construct with the statute's use of the plural forms: "excepting *Saturdays*, *Sundays*, and legal public *holidays*."  Plaintiff's reading strains the plain text of the statute, and the Court declines to adopt it.

The Court finds instead that Defendants' February 13, 2019 response notifying Plaintiff that its request included "unusual circumstances" was timely, as it was sent 17 business days after Plaintiff's request.  By invoking the extra time permitted for "unusual circumstances," EOIR's FOIA office was entitled to another 10 business days, under § 552(a)(6)(B)(i), for a total of 30.  EOIR's follow-up response (wherein it notified Plaintiff that its request had been deemed a "commercial use" request whose fees were expected to exceed $25.00) was sent on February 28, 2019—28 business days after Plaintiff's request was first received.  Since both responses complied with the time limit provisions § 552(a)(6), Plaintiff cannot benefit from the constructive exhaustion provision, and Count I should be dismissed as premature.

### 3. Application of *Ren Song Yang*

Defendants argue a third justification for dismissal of Plaintiff's suit, pursuant to the reasoning applied in a previous District of Minnesota case, *Ren Song Yang v. IRS*, No. 06-1547 (ADM/AJB), 2006 WL 2927548 (D. Minn. Oct. 12, 2006).  The plaintiff in *Ren*

11

*Song Yang* sued the IRS for its failure to disclose his tax return information in response to his FOIA request. 2006 WL 2927548, at *1. The agency failed to respond to his records request within the required time limit, but it did respond before he filed his lawsuit. *Id.* at *2. The district court found that because the agency had responded to the plaintiff before he sued, the plaintiff was obligated to exhaust his administrative remedies before continuing in court. *Id.*

The Eighth Circuit has not ruled on the proposition in *Ren Song Yang*, but several circuit courts have applied the same reasoning. *See Pollack v. Dep't of Justice*, 49 F.3d 115, 118 (4th Cir. 1995); *Taylor v. Appleton,* 30 F.3d 1365, 1369 (11th Cir. 1994); *McDonnell v. United States,* 4 F.3d 1227, 1240 (3d Cir. 1993); *Oglesby v. Dep't of Army,* 920 F.2d 57, 64–65 (D.C. Cir. 1990).

EOIR's FOIA office responded to Plaintiff on February 13, 2019 and again on February 28, 2019. (Schaaf Decl. ¶¶ 21, 24.) This second communication notified Plaintiff that its request had been deemed a "commercial use" request whose fees were expected to exceed $25.00. (*Id.* ¶ 24.) Accordingly, Plaintiff's request would be frozen until a fee agreement was reached. (*Id.*) Both responses were timely, as discussed above, and together amount to a "determination" in response to a "request" under 5 U.S.C. § 552(a)(6). Since both responses were well before Plaintiff filed its Complaint on April 2, 2019, the reasoning of *Ren Song Yang* is applicable here. EOIR responded to Plaintiff's request before it filed suit, so Plaintiff is obligated to exhaust its administrative remedies before continuing in court.

12

Plaintiff points out that more happened with its FOIA request after the February 28, 2019 response—namely, that there was continued back-and-forth about whether Plaintiff qualified as a representative of the news media and whether Plaintiff qualified for a fee waiver. This latter point was not resolved until April 18, 2019, when EOIR denied Plaintiff's request for a public interest fee waiver. (Schaaf Decl. Ex. E [Doc. No. 8-5].)

While not stated clearly, Plaintiff seems to argue that the fee waiver discussion is an integral component of the agency's "determination," such that the two February communications were incomplete without it. (*See* Pl.'s Mem. Opp'n Defs.' Mot. Dismiss at 16.) Plaintiff does not point the Court to any support for this reading of the statute, and the Court has no reason to conclude that the February 13, 2019 and February 28, 2019 responses do not, together, satisfy the government's obligation to respond to Plaintiff's request. True, the government's response to Plaintiff's fee waiver request was outstanding at the time Plaintiff filed this suit, but that is not enough to fend off *Ren Song Yang* or Plaintiff's obligation to exhaust all administrative remedies.[2] For the purposes of

---

[2] Plaintiff believes that EOIR was obligated to respond to its fee waiver request within 20 days, so it argues that the agency's denial on April 18, 2019, was untimely. Plaintiff pulls the timeline from 5 U.S.C. § 552(a)(6)(A)—20 days to decide on a records request—and applies it to determinations on fee waivers. Because Plaintiff believed the government missed its deadline to respond to an open claim (for a fee waiver), it argues that *Ren Song Yang* should not apply. But Plaintiff misreads 5 U.S.C. § 552(a)(6)(A). Section 552(a)(6)(A)—the subsection that establishes the 20-day clock—applies only to determinations in response to "any request for records" and fee waiver requests are not requests for records. Plainly put, an *initial records request* must be addressed in 20 (or 30) working days, but *subsidiary requests* (like requests for fee waivers) do not need to be handled on the same timeline. *See Espinoza v. Dep't of Justice*, 20 F. Supp. 3d 232, 240–41 (D.D.C. 2014) (finding the language of 5 U.S.C. § 552(a)(6) to not apply to fee

the *Ren Song Yang* analysis, it is the Defendants' responses to Plaintiff's records request—those that came on February 13 and 28, 2019—that count. Because Defendants responded to Plaintiff's request well before Plaintiff filed suit, Plaintiff is obligated to exhaust its administrative remedies. This amounts to a second and independent reason why Plaintiff's suit on the first FOIA request is premature.

### C. Count II: Plaintiff's Second FOIA Request

Plaintiff's second FOIA request presents a different, but related, set of questions. From Plaintiff's perspective at the time it filed this lawsuit, its March 4, 2019 FOIA request had *never* been addressed. As with the first FOIA request, Plaintiff believed that EOIR had missed its 20-day (or 30-day) deadline to respond under 5 U.S.C. §552(a)(6), so Plaintiff was free to invoke constructive exhaustion and bring suit in federal court. (*See* Compl. ¶ 33 [Doc. No. 1].)

It was only when Defendants filed the instant motion and attached an affidavit from a Supervisory Attorney for EOIR's FOIA office that Plaintiff learned that the letter it received on March 14, 2019 was the response it had been waiting for. (*See* Pl.'s Mem. Opp'n Defs.' Mot. Dismiss at 18.) That response contained no indication of which FOIA request it pertained to—no case number or date of filing—and confusingly, the letter indicated that it was a response to a FOIA request for records of an individual, which it was not. (Schaaf Decl. Ex. G.) Plaintiff's attorney's mistaken belief that the letter was a

---

waivers). EOIR is not held to a 20-day timeline to respond to fee waiver requests, and its failure to respond to such a request within 20 days does not trigger constructive exhaustion protections.

response to a different client's FOIA request is therefore understandable.

To benefit from constructive exhaustion, Plaintiff's claim for relief must be based on the timeliness of Defendants' response. Defendants argue that the March 14, 2019 response, although *substantively* deficient, was sent well within the 20-day timeframe established by § 552(a)(6)(A). Plaintiff does not contest this point but maintains that a response cannot be considered timely if it is so flawed as to be incomprehensible to its audience. Because Defendants construe Plaintiff's challenge to be substantive, not procedural, they argue that it must first exhaust his administrative remedies. In other words, Defendants believe that filing suit on the second FOIA request is also premature.

Defendants support their argument with cases that make clear that substantive complaints should be treated differently than procedural ones. *See e.g. Simon v. Fed. Bureau of Prisons*, No. 16-cv-00704 (ADM/KMM), 2016 WL 5109543, at *3 (D. Minn. Aug. 29, 2016), *R. & R. adopted*, 2016 WL 5219582 (D. Minn. Sept. 20, 2016) ("These cases distinguish between FOIA complaints alleging that the agency failed to meet the time constraints . . . and complaints that allege the agency produced records, but did so inadequately.")

But Plaintiff's challenge is not that the March 14, 2019 letter was merely inadequate, but rather not a response at all. In that way, *Simon* is still instructive. There, a prisoner filed a complaint that the Bureau of Prisons ("BOP") had not timely responded to his request for records. *Id.* at *4. The court agreed that the government's non-response sounded in a failure of timeliness: "Indeed, considering that the BOP had not produced any records at the time Mr. Simon filed this case, it is difficult to conceive of

15

his lawsuit as raising any other judicial claim authorized by FOIA [besides timeliness]." *Id.* To be sure, Simon's claim was dismissed, but not because it raised a substantive complaint, but rather because the government had since responded to it, mooting his claim. *Id.* The same cannot be said here. Even though the government has acknowledged that its own error led it to tie Plaintiff's request to a wholly unrelated individual file and then respond that the individual's file had no relevant documents, the government has apparently *still* not given a responsive answer to Plaintiff's March 4, 2019, FOIA request.

Title 5 U.S.C. § 552(a)(6)(A) requires governmental agencies to "determine within 20 days" (or 30, if there are unusual circumstances) "whether to comply" with a request for records, and to "notify the person making such request" of their determination, the reasons for it, and of the requester's right to seek assistance from agency personnel. Defendants have not made such a determination on Plaintiff's second FOIA request. *Cf. Urban v. United States*, 72 F.3d 94, 95 (8th Cir. 1995) (holding that the agency's response that records did not exist, when they almost certainly did, did not satisfy its statutory requirement to respond to Plaintiff's request). The March 14, 2019 letter was not a response to Plaintiff's request; to the extent that it amounted to a reasoned determination, it was answering a question Plaintiff never asked.

Plaintiff has not received a response to its March 4, 2019 inquiry. It has therefore constructively exhausted its administrative remedies as they pertain to its second FOIA request, and this claim is not premature.

16

### III. Recommendation

Accordingly, for the reasons set forth above, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss Plaintiff's Complaint [Doc. No. 6] be **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. Defendants' Motion to Dismiss Count I regarding Plaintiff's January 21, 2019 FOIA request be **GRANTED**, and Count I be **DISMISSED WITHOUT PREJUDICE**; and

2. Defendants' Motion to Dismiss Count II regarding Plaintiff's March 4, 2019 FOIA request be **DENIED**.

Dated:  September 26, 2019          s/ *Hildy Bowbeer*
                                    HILDY BOWBEER
                                    United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).